THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | | Crim. No. PX-17-345 |
| | * | |
| Gregory Allen Adona, | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Defendant Gregory Allen Adona is currently in the custody of the Federal Bureau of Prisons serving a 66-month incarceration term after having pleaded guilty to two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841, and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Pending before the Court is Adona's motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c) and in light of the COVID-19 pandemic. ECF No. 61. The Government has responded. ECF No. 63. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the motion is denied.

**I.    BACKGROUND**

On May 25, 2018, Adona pleaded guilty to the above described offenses and admitted to possessing with intent to distribute the 110 grams of crack cocaine seized from his home and car. Law enforcement also seized two loaded firearms and paraphernalia consistent with cocaine distribution. ECF No. 44 at ¶¶ 9-13. After conducting a full hearing, the Court sentenced Adona

1

66 months' imprisonment followed by five years' supervised release.  ECF No. 59

On July 17, 2020, Adona, through counsel, filed his motion for compassionate release. ECF No. 61.  In it, Adona characterizes himself as a "vulnerable inmate" with a "high likelihood of death" if he contracts COVID-19.  *Id.*  Adona stresses that he suffers from diabetes, emphysema, hypertension and obesity, all of which put him at heightened risk for adverse outcomes were he to become infected.  *Id.* at 2.

The Government rightfully highlights that Adona provides no record medical evidence supporting his representations.  In fact, Adona's BOP medical records belie that he has diabetes or emphysema.  ECF No. 63-3.  Rather, the BOP records note that Adona is obese and has had a recent spike in blood pressure that is currently controlled.  Adona's Presentence Report (PSR) likewise did not note any of these illnesses and instead reports that the time of Adona's sentencing, he had no history of any ailments whatsoever. ECF No. 44 ¶ 69.

## II.   DISCUSSION

The Court's power to modify Adona's sentence is governed exclusively by 18 U.S.C. § 3582.  *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (stating that a court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].").  Section 3582(c) provides that a court "may not modify a term of imprisonment once it has been imposed," except under certain limited circumstances to include where "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. §§ 3582(c).

Where a court modifies a sentence based on "extraordinary and compelling reasons" akin to the relief Adona seeks, it can only do so "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  *Id.* § 3582(c)(1)(A).

If the Bureau of Prisons does not bring such a motion, a defendant may petition the Court for relief on the grounds that extraordinary and compelling reasons warrant release. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 6, 2020).  If the Court determines that such extraordinary and compelling reasons have been established, the Court must next consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."  *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

To be sure, courts have concluded that a defendant with such conditions as hypertension, diabetes and respiratory ailments may satisfy the "extraordinary and compelling reasons" for release in light of COVID.  *See, e.g.*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020).  Here, however, Adona has failed to sustain this burden.  The Court has reviewed his BOP medical records and,

3

contrary to his representations, no record evidence supports that he suffers from diabetes or emphysema. And although he was recently diagnosed with hypertension, it appears to be under control and has not resulted in any clinical symptoms of the disease. ECF No. 63-2. Adona's PSR also underscores that apart from this most recent elevation in blood pressure, he has enjoyed good health. ECF No. 44 ¶ 69. Moreover, the facility where Adona is housed, FCI Petersburg Low, fortunately has experienced no COVID positives among its inmates. *See* https://www.bop.gov/coronavirus. Accordingly, Adona has failed to demonstrate that he is at a substantially greater risk of contracting COVID or suffering adverse outcomes as a result. *Cf. United States v. Hart*, Crim. No. JKB-16-429, 2020 WL 4193965, at *2 (D. Md. Jul. 7, 2020) (defendant "failed to provide evidence establishing that he has a medical condition rendering him uniquely susceptible to COVID-19").

Alternatively, Adona has not satisfied this Court that release is warranted when considering the § 3553(a) factors. The seriousness of Adona's criminal offense cannot be understated. He pleaded guilty to possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime. ECF No. 44 at 1. He had previously sustained convictions for carrying a handgun and possession with intent to distribute cocaine. *Id.* at ¶¶ 39, 41 42, 44. One such conviction was a federal distribution offense for which he served 37 months in BOP custody. *Id.* ¶ 44. Yet Adona continued to engage in the same criminal conduct, seemingly undeterred. Thus, even when considering Adona's history and characteristics as detailed in his motion, the prison sentence must remain unchanged to account for the seriousness of the offense, protect the public, avoid unwarranted disparities and promote respect for the law.

**IV.   CONCLUSION**

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that the Petition for Compassionate Relief, ECF No. 61, is DENIED.

Date: July 28, 2020

/S/
PAULA XINIS
United States District Judge
